IN THE 30th JUDICIAL CIRCUIT COURT
IN AND FOR DALLAS COUNTY, MISSOURI



MICHAEL GEORGE PONCE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　6:20-CV-3052
vs.　　　　　　　　　　　　　　　　　　　)　　Case No. ~~19DA-CC00050~~
　　　　　　　　　　　　　　　　　　　　)
BROKER SOLUTIONS, INC.; and U.S. BANK, )
N.A., as Trustee for Securitized Trust Ginnie )
Mae REMIC 2018-034 Trust,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　)

## PLAINTIFF'S EMERGENCY VERIFIED MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

COMES NOW, Plaintiff, Michael George Ponce (hereinafter referred to as "Plaintiff"), by and through *Pro Se* submission, who, pursuant to Missouri Supreme Court Rule 92.02(c) and Missouri Laws 526.050, hereby files his Emergency Motion for Preliminary Injunctive Relief, and in support thereof states as follows:

1. On or about October 29, 2019, Defendant Broker Solutions, Inc. ("alleged new owner") purportedly acquired title to the property located at 72 State Road FF, Long Lane, MO 65590 (hereinafter referred to as the "subject property").

2. On November 18, 2019, alleged new owner purports to have sent its Notice to Vacate letter to Plaintiff.

1

3. On November 19, 2019, an Unlawful Detainer Action seeking actual possession of the subject property was filed against Plaintiff, under Case Number 19DA-AC00294.

4. On November 28, 2019, Plaintiff was served with the Complaint in Unlawful Detainer.

5. A hearing has been set for February 24, 2020 in the Unlawful Detainer action.

6. Plaintiff seeks emergency injunctive relief on the basis that (1) Plaintiff never received notice of any foreclosure sale; (2) Plaintiff seeks relief in this Court seeking redress for the wrongful foreclosure and the merits of those claims have not been fully adjudicated.

Standard for Issuance of a Preliminary Injunction.

Missouri Supreme Court Rule 92.02(c) provides the procedural requirements of seeking preliminary injunctive relief from the Court.

Further, Missouri Laws 526.050 states: "Temporary injunction, when granted. — When it shall appear by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists, in restraining the commission or continuance of some act of the defendant, the commission or continuance of which, during the litigation, would produce injury to the plaintiff, or when, during the litigation, it shall appear that the defendant is doing, or threatens or is about to do, some act in relation to the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

Under federal law in this state, to obtain a preliminary injunction, a plaintiff must generally show four things: (i) a likelihood of success on the merits; (ii) irreparable injury; (iii) a balancing of the harms to the parties weighs in favor of the plaintiff; and (iv) the public interest favors the injunction. Put another way under Federal law, as Missouri law is mainly silent on the actual

2

elements required for injunctive relief, in *Minnesota Bearing Co. v. White Motor Corp.*, 470 F.2d 1323 (8th Cir. 1973), the Court enumerated four factors to be weighed by the district court in deciding whether to grant or deny preliminary injunctive relief: (1) whether there is a substantial probability movant will succeed at trial; (2) whether the moving party will suffer irreparable injury absent the injunction; (3) the harm to other interested parties if the relief is granted; and (4) the effect on the public interest. *Id.* at 1326. This statement of the standard, in particular the requirements of "substantial probability" and "irreparable injury," has become known as the "traditional test." See, e. g., *Young v. Harris*, 599 F.2d 870, 875-76 (8th Cir.), cert. denied sub nom. *Young v. Landrieau*, 444 U.S. 993, 100 S.Ct. 526, 62 L.Ed.2d 423 (1979); *Fennell v. Butler*, 570 F.2d 263, 264 (8th Cir.), cert. denied, 437 U.S. 906, 98 S.Ct. 3093, 57 L.Ed.2d 1136 (1978).

Here, Plaintiff is at risk of losing his home. This is patently unfair and unjust since Plaintiff never received any pre-foreclosure notice of the October 29, 2019 foreclosure sale. In a Missouri nonjudicial foreclosure, the foreclosing party or trustee must mail a foreclosure sale notice to the borrower at least 20 days before the sale date and publish notice in a newspaper 20 times, or for four successive issues or weeks, depending on the circumstances. (Mo. Rev. Stat. §§ 443.325, 443.320). Here, the alleged new owner of the subject property never sent notice of the October 29, 2019 foreclosure sale to Plaintiff, thus violating Missouri law.

Additionally, Plaintiff has meritorious defenses to the underlying foreclosure which led to the purported issuance of Trustee's Deed to the alleged new owner. In Plaintiff's lawsuit, Plaintiff adequately raises issues of fact surrounding interest in the subject property and the alleged new owner's failure to adhere to local and state laws governing the foreclosure process in the State of Missouri. These claims have not been fully adjudicated by a Court of competent jurisdiction. Before Plaintiff is forced out of the subject property, these claims should be fully heard.

Plaintiff affirmatively asserts that Defendants have no interest in the subject property and lacked the requisite standing to foreclose. Defendants did not have any interest in the subject loan, never have produced the original wet ink signature Note, and therefore lacked the requisite standing to foreclose. As exhibited and demonstrated by same, Defendants cannot demonstrate any standing to foreclose and subsequently cannot demonstrate entitlement to actual possession within the unlawful detainer action. The subject loan was securitized at or around the time of origination and thus Defendants are not a real party in interest to the loan. As such, Defendants did not have an equitable interest in the Note and/or Mortgage and therefore had no standing to foreclose. *See Securitization Analysis Report attached hereto as "Exhibit A."*

Defendants Are Not Entitled to Judgment of Unlawful Detainer.

It is well established that to obtain summary judgment, a claimant in an unlawful detainer action has to show "that there is no genuine dispute as to those material facts upon which claimant would have had the burden of persuasion at trial." *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d at 381. "An action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property." *Federal Nat. Mortg. Ass'n. v. Wilson*, 409 S.W.3d 490, 495 (Mo.App.E.D.2013); § 534.030.1, RSMo Cum. Supp. (2014).

Importantly, where such a claim is based on foreclosure, the elements the claimant must prove are: "(1) that the property was purchased at a foreclosure sale, (2) the defendant received notice of the foreclosure, and (3) the defendant refused to surrender possession of the property." *Wilson*, 409 S.W.3d at 495. Additionally, "in such cases, the foreclosure purchaser's right to possession is based upon the fact of the sale as demonstrated by the deed, not on the ultimate

4

validity of the title that the deed reflects." *Wells Fargo Bank, N.A. v. Smith*, 392 S.W.3d at 462. Here, these three elements have not been satisfied. The second requisite element has not been met by any Defendant. Plaintiff affirmatively states that he never received any notice of the foreclosure sale prior to October 29, 2019. The first time Plaintiff was ever made aware of the foreclosure sale was on or about November 12, 2019 when Plaintiff received correspondence from Defendant's counsel advising of the sale which had occurred 15 days prior. Defendants have failed to carry their burden in demonstrating that Plaintiff received notice of the foreclosure sale. Thus, Defendants are not entitled to any requested relief within the unlawful detainer action and Plaintiff is entitled to a temporary stay of the unlawful detainer action pending resolution of the case at bar.

## CONCLUSION

Based on the foregoing, Plaintiff requests that this Honorable Court set a hearing on the instant Emergency Motion for Preliminary Injunctive Relief, impose a stay on any eviction actions Defendants may undertake during the pendency of this action, and award Plaintiff any other relief deemed just and proper.

Dated this ~~14th~~ 25th day of February 2020.

/s/ Michael George Ponce

Michael George Ponce
Pro Se Plaintiff
72 State Road FF
Long Lane, MO 65590

CAROL L EDGE
Notary Public - Notary Seal
State of Missouri, Laclede County
Commission Number 16633203
My Commission Expires Aug 28, 2020

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to Brian William McEachen, 6363 College Blvd., Suite 100, Overland Park, KS 66211, Broker Solutions DBA New American Funding, 4650 South National Avenue, Suite D-1, Springfield MO, 65810, and U.S. Bank at 417 St. Louis Street, Springfield MO, 65806-2311 on this ~~14th~~ 25th day MP of February 2020.

*Michael George Ponce*

Michael George Ponce
Pro Se Plaintiff
72 State Road FF
Long Lane, MO 65590

## VERIFICATION

I, Michael George Ponce, the living peaceable man, am the Plaintiff in the above-subject action. I have read the foregoing and affirm and attest that the information contained herein is true to the best of my knowledge, or as to any matter which I believe is true upon information and belief, I have stated as such herein.

*Michael George Ponce*

Michael George Ponce
Pro Se Plaintiff
72 State Road FF
Long Lane, MO 65590

CAROL L EDGE
Notary Public - Notary Seal
State of Missouri, Laclede County
Commission Number 16638203
My Commission Expires Aug 28, 2020

6