# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL PONCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:20-03052-CV-RK |
| BROKER SOLUTIONS, INC., U.S. BANK NA AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE REMIC 2018-034 TRUST, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's motion for preliminary injunction. (Doc. 5.) Defendants have responded to the motion. (Doc. 14.) On March 5, 2020, the Court held a hearing on the motion. (Doc. 15.) After careful consideration, the motion is **DENIED.**

Plaintiff's house was foreclosed on October 29, 2019. (*Id.*) On November 19, 2019, an unlawful detainer action was filed against Plaintiff, seeking actual possession of the subject property. (Doc. 14-1.) Plaintiff now seeks to "impose a stay on any eviction actions Defendants may undertake during the pendency of this action." (Doc. 5.)

"A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."). The Eighth Circuit considers applications for preliminary injunctions based on the following factors: (1) the threat of irreparable harm to the plaintiff, (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties, (3) the probability the plaintiff will succeed on the merits, and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "No single factor is determinative; they must be 'balanced to determine whether they tilt towards or away' from granting the injunction." *Fambrough v. Uber Techs., Inc.*, No. 4:19-CV-0398-DGK, 2019 WL 2411442, at *1 (W.D. Mo. June 7, 2019) (citing *Noodles Development, LP. v. Ninth Street Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007)).

**I.    Plaintiff Has Demonstrated Threat of Irreparable Harm**

Here, Plaintiff's house has been foreclosed upon and a judgment has been entered against him for unlawful detainer. (Doc. 14.) If Defendants move forward with eviction proceedings, Plaintiff would permanently lose possession of the property. Thus, Plaintiff has shown a threat of irreparable harm.

**II.   Plaintiff Has Not Shown The Balance of Harms Favors Issuing a Preliminary Injunction**

Plaintiff argues the house was wrongly foreclosed because proper notice was never given, and Defendants had no standing to foreclose. Defendants, on the other hand, have provided some proof of notice and argue Plaintiff's arguments are without merit. (Docs. 14, 14-1.) Defendants also now have legal title to the property. Continued possession by Plaintiff necessarily prejudices Defendants' interest in the property. Defendants further contend that continued possession by Plaintiff has cost them substantial sums of money. As such, the Court finds the balance of harms weighs in favor of Defendants, not Plaintiff.

**III.  Plaintiff Has Not Shown A Likelihood of Success On The Merits**

"To demonstrate a likelihood of success on the merits, a movant does not need to show that [he] will ultimately succeed on [his] claims, only that the movant's prospects for success is sufficiently likely to support the kind of relief it requests." *Fambrough*, 2019 WL 2411442, at *1. A movant need only show a fair chance of prevailing. *Id.* (quotation and citation omitted). Plaintiff has not shown any legal authority to indicate the notice Defendants provided was not legally sufficient or that Defendants did not have a legal right to foreclose. As such, the Court cannot find Plaintiff has shown a likelihood of success on the merits.

**IV.   The Public Interest Is Not Implicated Here**

Finally, the Court finds the public interest does not weigh in favor of either granting or denying the motion for preliminary injunction. Even if the public interest weighed in favor of Plaintiff, such does not warrant granting the motion for preliminary injunction because it is highly doubtful Plaintiff will succeed on the merits. *See Higbee v. Starr*, 698 F.2d 945, 947 (8th Cir. 1983) (finding the district judge did not abuse their discretion in denying a preliminary injunction even where public interest favored granting one).

**Conclusion**

After careful consideration, and for the reasons set forth above and at the hearing (Doc. 15), Plaintiff's motion for preliminary injunction (Doc. 5) is **DENIED.**

**IT IS SO ORDERED.**


                                                    s/ Roseann A. Ketchmark
                                             ROSEANN A. KETCHMARK, JUDGE
                                             UNITED STATES DISTRICT COURT

DATED: March 9, 2020